[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT AND REPLACE MISSING EXHIBITS
On February 27, 1990, the plaintiff filed a one count complaint against the defendant Stamm and the Connecticut Bar Examining Committee (Committee). The plaintiff alleged that his rights to due process were violated by the arbitrary grading practices of Committee in evaluating the plaintiff's performance on the essay portion of the July 27, 1989, Connecticut Bar Exam. The plaintiff requested the court to grant him a fair hearing for the purpose of regrading his essay examination and for the court to grant plaintiff admission to the bar.
On January 13, 1992, McGrath, J., granted the defendant's motion for summary judgment (#140). On February 9, 1993, the Connecticut Supreme Court affirmed the judgment of the trial court. See Scinto v. Stamm, 224 Conn. 524, 620 A.2d 99 (1993). Certiorari to the United States Supreme Court was denied on October 4, 1993. Scinto v. Stamm, 114 S.Ct. 176 (1993). On November 29, 1993, the United States Supreme Court denied the plaintiff's motion for rehearing. Scinto v. Stamm,114 S.Ct. 587 (1993).
On February 4, 1994, the plaintiff filed a motion to open judgment and replace missing exhibits together with documentary evidence and an affidavit. In support of his motion, made pursuant to Practice Book 280, the plaintiff argues that an examination of the judgment file and the decision of Scinto v. Stamm, 224 Conn. 524, demonstrates that the court did not have before it certain exhibits (sample answers to the bar exam) and the plaintiff's affidavit, which the plaintiff alleges were CT Page 2621 filed in the superior court on three occasions.[1] Additionally, the plaintiff alleges that Judge McGrath ruled without the same evidence as his memorandum of decision fails to refer to the sample answers. The defendant filed an objection to the plaintiff's motion on February 22, 1994.
The Supreme Court maintains "final and conclusive jurisdiction of all matters brought before it according to law, and may carry into execution all its judgments and decrees." General Statutes 51-199. The plaintiff attempts to open the judgment of the Supreme Court. Additionally, the plaintiff is also attempting to open the judgment of the superior court. Plaintiff's motion is brought pursuant to Practice Book 280.
Practice Book 280 provides for the continuation of a cause assigned for trial on account of the absence of any material document or other evidence that might be used at trial. See Practice Book 280. Practice Book 280 is a rule directed to practice and procedure in the superior court. Practice Book 1. The present action is not scheduled for trial having been disposed of on summary judgment. Scinto v. Stamm, supra. Practice Book 280 is insufficient authority on which to base a motion to open the judgment of the Supreme Court. The proper recourse for the plaintiff lies in the appellate rules of procedure, not in the superior court.
Furthermore, Practice Book 280 is an improper vehicle by which to open a judgment entered in the superior court. See Practice Book 326. Therefore, the present motion is not properly before the court. Since the plaintiff has exhausted all avenues available to him, the plaintiff's motion is denied.
SAMUEL S. FREEDMAN, J.
ENDNOTES